UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| NAVA MORALES RAUL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA, SAN BERNARDINO COUNTY,<br><br>　　　　Defendant. | No. CV 07-6656 VAP (FFM)<br><br>ORDER TO SHOW CAUSE |

The instant Order to Show Cause is directed toward petitioner. As discussed further below, the Order requires that, by April 18, 2008, petitioner show cause why the present matter should not be dismissed without prejudice for want of prosecution and failure to follow the Court's orders.

**BACKGROUND**

On October 15, 2007, petitioner, a federal prisoner then incarcerated at the Federal Correctional Institution-Williamsburg in Salters, South Carolina, filed a document the Court treated as a Petition for Writ of Habeas Corpus ("Petition"). Although a federal prisoner at the time petitioner filed his petition, petitioner sought relief from apparently pending state charges. Petitioner alleged that the State of California had violated the Interstate Agreement on Detaineers Act (18 U.S.C. App. 2) ("IADA"). The IADA, among other things, prescribes procedures

by which a prisoner may demand prompt disposition of charges pending against him in a participating state other than the participating state in which he is imprisoned.

On November 5, 2007, this Court dismissed the Petition with leave to amend. The order dismissing the Petition apprised petitioner that he had failed to demonstrate that the IADA applied. In addition, the Petition named the improper respondent, had not been submitted on the approved form supplied by the Central District of California, and had not demonstrated exhaustion of available state remedies. The order provided petitioner with thirty days leave to file a First Amended Petition.

On November 5, 2007, petitioner filed an untitled document with exhibits attached. The document appeared to be an objection to the order dismissing the Petition. On January 15, 2008, the Court, having received no First Amended Petition or request for an extension of time, issued an order to show cause requiring petitioner to show cause within twenty days why the action should not be dismissed for failure to prosecute. On February 12, 2008, the Court received correspondence from the Federal Bureau of Prisons stating that petitioner was about to be released into the custody of the Bureau of Immigration and Customs Enforcement and would be unable to comply with the twenty day time frame. The Court has received no notice of change of address, no request for an extension of time to respond to the order to show cause, and no First Amended Petition.

## DISCUSSION

The Court has the inherent power to achieve the orderly and expeditious disposition of cases by dismissing actions for failure to prosecute or to follow the Court's orders. *Link v. Wabash Railroad,* 370 U.S. 626, 629-30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962). Accordingly, dismissal of this action without prejudice may be appropriate on the ground of failure to prosecute and follow the orders of the Court. *See* C.D. Cal., Local Rule 41-6 ("A party proceeding *pro se* shall keep the

1 Court and opposing parties apprised of such party's current address and telephone
2 number, if any.")

**ORDER**

IT IS HEREBY ORDERED that, no later than April 18, 2008, petitioner shall show cause, in writing, why this action should not now be dismissed for the reason stated above, and shall also apprise the Court of his current address. If petitioner does not timely file a response to this Order to Show Cause, petitioner is forewarned that the action may be dismissed without prejudice for want of prosecution and failure to follow the Court's orders.

DATED: April 2, 2008

                           / s / FREDERICK F. MUMM
                              FREDERICK F. MUMM
                            United States Magistrate Judge